UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAUNEL G. ROCA
and other similarly-situated individuals,

    Plaintiff,

v.

LATOUR DESIGN AND DEVELOPMENT, INC.
and DANIEL LATOUR, individually

    Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff RAUNEL G. ROCA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants LATOUR DESIGN AND DEVELOPMENT, INC., and DANIEL LATOUR individually, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff RAUNEL G. ROCA was a resident of Miami, Florida, and at the time relevant to this complaint worked in the Miami-Dade County area, and is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant LATOUR DESIGN AND DEVELOPMENT, INC. (hereinafter LATOUR DESIGN) is a Florida corporation which has its place of business and performed business

in Miami-Dade County within the jurisdiction of this Court. At all times material hereto Defendant was and is engaged in interstate commerce.

4. The individual Defendant DANIEL LATOUR was and is now, Owner/President of Defendant Corporations LATOUR DESIGN AND DEVELOPMENT, INC.

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff RAUNEL G. ROCA as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after March 2013, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant LATOUR DESIGN is a full service construction, development and interior design management company.

8. Defendant LATOUR DESIGN employed Plaintiff RAUNEL G. ROCA as a non-exempt hourly employee from approximately November, 2012 through January 27, 2016, or 149 weeks.

9. Plaintiff's duties included driving, purchasing all kind of construction material, and deliver them to the different worksites in which the Company was working. Plaintiff also had responsibilities cleaning and maintaining the vehicles of Corporate Defendant. Plaintiff was provided of equipment, and materials to do his work.

10. While employed by Defendants, Plaintiff worked more than 57 hours every week period. Plaintiff regularly worked from 8:00 AM to 6:00 PM (10 hours) from Monday to Friday; on Saturdays Plaintiff worked from 9:00 AM to 4:00 PM (8 hours); at least 3 times a week Plaintiff worked one hour earlier or one hour late, which totaled 57 working hours per week, (Plaintiff is deducting 3 hours of lunch break per week). Additionally, during 2014 Plaintiff worked 2 Sundays every month from 8:00 AM to 4:00 PM (7.5 hours); during 2015 Plaintiff worked 3 Sundays every month from 8:00 AM to 4:00 PM (7.5 hours). These hours worked on Sundays constitute additional unpaid half-time overtime hours.

11. Plaintiff worked consistently an average of more than 57 hours weekly. However, he was not paid for overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for overtime hours at his regular rate.

12. Defendants did not maintain any reliable time-keeping method. Plaintiff was paid weekly with checks without any paystub providing basic information such as wage rate, real number of hour worked, employment taxes withheld etc., etc.

13. Plaintiff was hired by LATOUR DESIGN, he was paid by LATOUR DESIGN, received orders from LATOUR DESIGN's management, and finally on or about January 27, 2016, he was fired by the owner of the business, Defendant DANIEL LATOUR.  Nevertheless, during 2013, 2014 and January and February 2015, Plaintiff was paid with checks of a company called JCA Construction and Development, LLC; from March 2015 to his last day of employment, Plaintiff was paid with checks from LATOUR DESIGN again.

14. Plaintiff worked consistently more than 57 hours per week, but he was paid for overtime hours at his regular rate. Therefore, Defendants failed to pay him overtime wages as required by the Fair Labor Standards Act., 29 U.S.C. § 207.   29 U.S.C. § 207 (a) (1).

15. Plaintiff intends to recover any unpaid half-time overtime hours accumulated during his 149 weeks of employment, and any other relief as allowable by law.

16. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. Defendant LATOUR DESIGN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A).  Defendant LATOUR DESIGN is a full service construction, development and interior design management company. Defendant specializes in projects located at the most famous and luxurious islands and condominiums. Defendant's activities were essential to the tourism industry and to interstate commerce.  Defendant had more than two employees engaged in interstate commerce by promoting the business using the instrumentalities of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

19. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff's daily activities purchasing goods and materials produced out of state were related and essential to interstate commerce. Therefore, there is FLSA individual coverage.

20. This action is brought by Plaintiff RAUNEL G. ROCA and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant LATOUR DESIGN employed Plaintiff RAUNEL G. ROCA as an hourly employee from approximately November, 2012 through January 27, 2016, or 149 weeks.

22. Plaintiff regularly worked from 8:00 AM to 6:00 PM (10 hours) from Monday to Friday; on Saturdays Plaintiff worked from 9:00 AM to 4:00 PM (7 hours); at least 3 times a week Plaintiff worked one hour earlier or late, which totaled 57 working hours per week, (Plaintiff is deducting 3 hours of lunch break per week). Additionally, during 2014 Plaintiff worked 2 Sundays every month from 8:00 AM to 4:00 PM (7.5 hours); during 2015 Plaintiff worked 3 Sundays every month from 8:00 AM to 4:00 PM (7.5 hours).  These hours worked on Sundays constitute additional unpaid half-time overtime hours.

23. Therefore, during his time of employment with Defendant, Plaintiff RAUNEL G. ROCA worked more than 57 hours every week period. However, he was not paid for all his overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for overtime hours at his regular rate.

24. Plaintiff was paid weekly with checks without any paystub providing basic information such as wage rate, real number of hour worked, employment taxes withheld etc., etc.

25. Defendant failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 that he worked in a week period. Plaintiff performed the same or similar duties as that of those other similarly-situated employees, who Plaintiff observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

26. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

27. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as new evidence could dictate. Calculation are made based on 57 working hours per week paid at Plaintiff's regular rate. Regular rate has been taken from Income tax returns divided by 52 weeks. After proper discovery, any unpaid regular or overtime hours will be included.

    a. <u>Total amount of alleged unpaid wages</u>:

    Sixteen Thousand Twelve Dollars and 24/100 ($16,012.24)

    b. <u>Calculation of such wages</u>:

Total relevant weeks of employment: 149 weeks
Total number of weeks with half-hour overtime: 149 weeks

i. **Unpaid half-time for 2013=41 weeks=$3,024.98**
Total weeks of employment: 41 weeks
Total hours worked: 57 hours
Total hours paid: 57
Total O/T hours: 17
Wage rate: $25,755:52 weeks=$495.29: 57 hours=$8.69 regular rate
Regular rate: $8.69 x 1.5=$13.03-paid $8.69=$4.34 half-time difference

Half-time $4.34 x 17 hours=$73.78 weekly x 41 weeks=$3,024.98

ii. **Unpaid half-time for 2014=52 weeks=$5,459.74**
Total weeks of employment: 52 weeks
Total hours worked: 57 hours
Total hours paid: 57
Total O/T hours: 17
Wage rate: $30,013.00:52 weeks=$577.17: 57 hours=$10.12 regular rate
Regular rate: $10.12 x 1.5=$15.18-paid $10.12=$5.06 half-time difference

Half-time $5.06 x 17 hours=$86.02 weekly x 52 weeks=$4,473.04

Work on 26 Sundays
Half-time $5.06 x 7.5 O/T hours=$37.95 weekly x 26 weeks=$986.70

iii. **Unpaid half-time for 2015=52 weeks=$7,108.64**
Total weeks of employment: 52 weeks
Total hours worked: 57 hours
Total hours paid: 57
Total O/T hours: 17
Wage rate: $36,563.00:52 weeks=$703.13: 57 hours=$12.33 regular rate
Regular rate: $12.33 x 1.5=$18.49-paid $12.33=$6.16 half-time difference

Half-time $6.16 x 17 hours=$104.72 weekly x 52 weeks=$5,445.44

Work on 36 Sundays
Half-time $6.16 x 7.5 O/T hours=$46.20 weekly x 36 weeks=$1,663.20

iv. **Unpaid half-time for 2016=4 weeks=$418.88**
Total weeks of employment: 4 weeks
Total hours worked: 57 hours
Total hours paid: 57
Total O/T hours: 17
Wage rate: $12.33 x 1.5=$18.49-paid $12.33=$6.16 half-time difference

        Half-time $6.16 x 17 hours=$104.72 weekly x 4 weeks=$418.88

    Total half-time i, ii, iii, and iv=$16,012.24

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents the unpaid overtime.

29. At all times material hereto, the Employer/Defendant LATOUR DESIGN failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

30. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

31. At the time mentioned, individual Defendant DANIEL LATOUR was and is now, the director and/or owner of Defendant Corporation LATOUR DESIGN. Defendant DANIEL LATOUR was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of LATOUR DESIGN in relation to their employees including Plaintiff and others similarly situated. Defendant DANIEL

LATOUR had financial and operational control of the business and is jointly liable for Plaintiff's damages.

32. Defendants LATOUR DESIGN and DANIEL LATOUR willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant LATOUR DESIGN, as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAUNEL G. ROCA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RAUNEL G. ROCA and other similarly-situated individuals, and against the Defendants LATOUR DESIGN and DANIEL LATOUR on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff RAUNEL G. ROCA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff RAUNEL G. ROCA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: March 17, 2016

>Respectfully submitted,
>
>By: **/s/ Zandro E. Palma**
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*